UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

**JAMIE MARSHA WILLIAMS**     **CIV. ACTION NO. 3:23-00833**

**VERSUS**     **JUDGE DAVID C. JOSEPH**

**STATE OF LOUISIANA**     **MAG. JUDGE KAYLA D. MCCLUSKY**

## REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, is a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6) filed by Defendant State of Louisiana. [doc. #4]. The motion is opposed. [doc. #13].

For reasons assigned below, it is recommended that Defendant's motion be GRANTED IN PART and the remaining claims be REMANDED.

## Background

Jamie Marsha Williams ("Plaintiff") filed the instant petition for damages ("the Complaint") against the State of Louisiana ("Defendant") on March 3, 2023, in the Fourth Judicial District, Ouachita Parish, Louisiana. Petition for Damages [doc. #1-2]. In her initial filing, Plaintiff sought relief for alleged violations of her due process rights under the Louisiana state constitution arising from termination from her position at the Louisiana Department of Culture, Recreation, and Tourism. *Id.* at pp. 2-3.

Defendant removed the action to federal court on June 21, 2023. Notice of Removal [doc. #1]. A week later, on June 28, 2023, Defendant moved to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6). M/Dismiss [doc. #4]. In support of that motion, Defendant argues that (a) the Louisiana Civil Service Commission has exclusive jurisdiction

1

over Plaintiff's state law claims, and (b) Plaintiff lacks authorization to bring Title VII federal claims because she has not exhausted statutorily-mandated administrative remedies. Memorandum in Support of M/Dismiss [doc. #4-1, pp. 3-6].

Plaintiff subsequently amended her petition ("the Amended Complaint") on July 19, 2023, to add federal claims for retaliatory termination and hostile working environment, as well as state law claims for detrimental reliance, denial of due process, and employment discrimination. Amended Complaint [doc. #9]. The Amended Complaint also presents an argument that the Fifth Circuit has a "custom" of allowing Title VII claims to move ahead prior to exhaustion of administrative remedies. *Id.* at p. 7.

Defendant filed a supplemental memorandum in support of the motion to dismiss on August 7, 2023. Supplemental Brief in Support of M/Dismiss [doc. # 11]. Therein, Defendant (a) argues that the Amended Complaint fails to cure the defects highlighted in the June 28 memorandum and (b) refutes the applicability of the Fifth Circuit "custom" propounded by Plaintiff. *Id.* at pp. 1-5.

Later that month, on August 25, 2023, Plaintiff submitted a memorandum in opposition to the motion to dismiss in which she admits to not having exhausted administrative remedies and requests remand to state court should her Title VII claims be dismissed. Memorandum in Opposition to M/Dismiss [doc. #13, p. 1].

A few days later, on August 29, 2023, Defendant submitted a brief reply to Plaintiff's opposition, which again argues that the Louisiana Civil Service Commission has exclusive jurisdiction over the state law claims in the instant matter. Reply to Opposition to M/Dismiss [doc. #14, pp. 1-2].

Briefing is complete. Accordingly, this matter is ripe.

## Analysis

I.  *Legal Standard*

The Federal Rules of Civil Procedure sanction dismissal where the plaintiff fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6).  To withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Plausibility simply calls for enough factual allegations to raise a reasonable expectation that discovery will reveal evidence to support the elements of the claim.  *Twombly*, 550 U.S. at 556.  "[P]laintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *City of Clinton, Ark. v. Pilgrim's Pride Corp.*, 632 F.3d 148 (5th Cir. 2010).  Dismissal pursuant to Rule 12(b)(6) is appropriate when an affirmative defense succeeds based on the face of the complaint.  *Lopez v. Kendall*, No. 22-50411, 2023 WL 2423473, at *1 (5th Cir. Mar. 9, 2023); *see also Stevens v. St. Tammany Par. Gov't*, 17 F.4th 563, 571 (5th Cir. 2021) ("[T]he [affirmative] defense is abundantly clear on the face of the pleadings . . . . Therefore, it was properly considered here at the motion to dismiss stage.").

II.  *Title VII Claims*

Plaintiff has pleaded claims for retaliatory termination and hostile working environment under Title VII.[1]  Defendants argue that Plaintiff lacks authorization to bring a Title VII claim because she has failed to exhaust her statutorily-mandated administrative remedies.

Title VII of the Civil Rights Act of 1964 empowers individuals to pursue civil actions against employers alleged to have violated that law.  *Id.* at § 2000e-5(f)(1).  However, the law

---

[1] Plaintiff's retaliatory termination claims is under 42 U.S.C. § 2000e-3(a).  Her hostile work environment claim is pursuant to *id.* at § 2000e-2.

3

imposes several procedural prerequisites to the exercise of this right. A putative plaintiff alleging unlawful employment practices by an employer must first file a charge with the relevant enforcement authority, be that the federal Equal Employment Opportunity Commission (the "EEOC") or the relevant state agency. *Id.* at § 2000e-5. This enforcement authority must provide notice to the putative plaintiff before she can independently sue the respondent-entity under Title VII. *Id.* at § 2000e-5(f)(1). This notice is commonly called a "right-to-sue letter." *See Price v. Choctaw Glove & Safety Co., Inc.*, 459 F.3d 595, 598 (5th Cir. 2006) ("[T]he EEOC issues a right-to-sue letter to the party who has filed the EEOC charge . . . .").

In short, a prospective Title VII plaintiff has not exhausted her administrative remedies until she has received a right-to-sue letter from the appropriate authority. The right-to-sue letter requirement is a mandatory claims processing rule, not a jurisdictional prerequisite. *See Fort Bend Cty. v. Davis*, 139 S.Ct. 1843, 1851 (2019) (finding "a party's [statutorily-required] procedural obligations" to be "a processing rule, albeit a mandatory one, not a jurisdictional prescription delineating the adjudicatory authority of courts."). Thus, a motion to dismiss based on failure to exhaust administrative remedies as evidenced by failure to obtain a right-to-sue letter is predicated on an affirmative defense. *See Lopez*, 2023 WL 2423473, at *1 ("Because it is a mandatory claims processing rule, not a jurisdictional requirement, failure to exhaust administrative remedies under Title VII is an affirmative defense."). This is to say that the proper analytical framework for reviewing the instant motion as it pertains to Plaintiff's Title VII claims is Rule 12(b)(6), not Rule 12(b)(1).

Here, Plaintiff concedes that she has not received a right-to-sue letter. Memorandum in Opposition to M/Dismiss [doc. #13, p. 1]. The inexorable result of this admission is a finding that Plaintiff has not exhausted the Congressionally-imposed administrative remedies required to

bring a Title VII action in federal court. Dismissal pursuant to Rule 12(b)(6) is appropriate in a situation such as this.

Despite this, Plaintiff argues that it is "custom in the federal Fifth Circuit . . . to allow a Title VII Plaintiff to commence a Title VII action" upon termination of an investigation and closure of the related file. Amended Complaint [doc. #9, p. 7]. In support of this contention, Plaintiff cites to *Pinkard v. Pullman-Standard*: "[W]e hold that the receipt of a right-to-sue letter subsequent to commencement of a Title VII action, but while the action remains pending, satisfies the precondition that a plaintiff obtain statutory notice of the right to sue before filing a civil action under Title VII." 678 F.2d 1211, 1219 (5th Cir. 1982).

On its face, this precedent seems promising for Plaintiff. However, the Fifth Circuit made clear that it was the peculiar circumstances of *Pinkard* that made this holding appropriate. In that case, two plaintiffs filed a Title VII suit styled as a class action "four days after filing their complaint with EEOC" (i.e., prior to receiving right-to-sue letters). *Pinkard*, 678 F.2d at 1219. A third plaintiff, who had previously received a right-to-sue letter, was subsequently added to the case. *Id.* The court made clear that "[s]ince the complaint was *framed as a class action*, the jurisdictional prerequisites were arguably satisfied" at the time when the third plaintiff was joined. *Id.* (emphasis added).

The instant case is not a putative class action.[2] If it were, there would be equitable considerations concerning representation of putative class members who may not yet be aware of the proceedings. *See American Pipe & Const. Co. v. Utah*, 414 U.S. 538, 552 (1974) ("Rule 23 is not designed to afford class action representation only to those who are active participants in

---

[2] The trial court in *Pinkard* ultimately denied class certification. *Id.* However, the two plaintiffs who initiated the suit received their right-to-sue letters prior to denial. *Id.*

5

or even aware of the proceedings in the suit prior to the order that the suit shall or shall not proceed as a class action."). In the class action context, requiring all potential class members to have received a right-to-sue letter would partially vitiate the utility of the class suit; this consideration is not present in the instant case.

Furthermore, the *Pinkard* court described receipt of the right-to-sue letters as "a condition precedent" to bringing a Title VII action, noting that this condition was cured "prior to dismissal." *Pinkard*, 678 F.2d at 1215. Even if the circumstances in the instant case made the dictates of *Pinkard* applicable, Plaintiff has thus far failed to satisfy this necessary condition precedent.

Finally, the *Pinkard* court rested its holding on jurisdictional grounds. *See Pinkard*, 678 F.2d at 1219 ("Since the complaint was framed as a class action, the *jurisdictional prerequisites* were arguably satisfied at [the time the third plaintiff was added].") (emphasis added). Subsequent case law – cited above – first promulgated by the U.S. Supreme Court and then applied in the Fifth Circuit clarifies that a jurisdictional framework is inappropriate when analyzing a motion to dismiss predicated on failure to exhaust administrative remedies. In summation, *Pinkard* does not promulgate a rule applicable to the instant case.

Although Plaintiff has failed to obtain a right-to-sue letter as of this time, dismissal without prejudice of her Title VII claims neither precludes her from curing this failure nor prevents her from refiling a complaint propounding the same cause of action.

Accordingly, it is RECOMMENDED that Plaintiff's Title VII claims be dismissed without prejudice.

III.   *State Law Claims*

When, as recommended here, all claims which confer federal subject matter jurisdiction are dismissed, the court may decline to exercise supplemental jurisdiction over the remaining state law claims.  28 U.S.C. § 1367(c)(3); *Carlsbad Technology, Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009) ("A district court's decision whether to exercise [supplemental] jurisdiction after dismissing every claim over which it had original jurisdiction is purely discretionary.").  If this scenario arises in a case that has been removed to federal court, remand to state court is appropriate.  28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case [removed from state to federal court] shall be remanded.").[3]

Accordingly, it is RECOMMENDED that Plaintiffs' state law claims be remanded to the Fourth Judicial District Court, Ouachita Parish, State of Louisiana.

## Conclusion

For the foregoing reasons,

**IT IS RECOMMENDED** that Defendant's motion to dismiss [doc. #4], be **GRANTED IN PART** and the remaining claims be **REMANDED**.

**IT IS RECOMMENDED** that Plaintiff's federal law claims under Title VII be **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that the remaining claims in this case be **REMANDED** to the Fourth Judicial District Court, Ouachita Parish, State of Louisiana.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and FED. R. CIV. P. 72(b), the parties

---

[3] Plaintiff has requested that, should her Title VII claims be dismissed, the remaining state law claims be remanded.  Memorandum in Opposition to M/Dismiss [doc. #13, p. 1].

have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, at Monroe, Louisiana, on this 17th day of October, 2023.

_____
KAYLA DYE MCCLUSKY
UNITED STATES MAGISTRATE JUDGE